**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| JENNIFER BARRETT | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-08-0319 |
| | * | |
| AMERICAN PARTNERS BANK, *et al.* | * | |
| | * | |
| Defendants. | * | |

**************************************************************************

**<u>MEMORANDUM OPINION</u>**

Plaintiff brought this action against Defendant for violations of the Truth In Lending Act ("TILA") 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601 *et seq.*, the Uniform Commercial Code ("UCC"), and the Equal Credit Opportunity Act ("ECOA") 15 U.S.C. 1691 *et seq.* The Defendant counter-claimed for breach of contract.[1] Currently pending before the Court is Defendant's Motion for Summary Judgment (Paper 24) pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the Plaintiff's claims as well as their own Counter-claims. The Court has reviewed the parties' filings with respect to the instant Motion. For the reasons stated more fully below, the Court will grant Defendant's Motion for Summary Judgment.

**I.     Factual and Procedural Background**

The following facts are viewed in the light most favorable to the non-movant. On August 1, 2006, Jennifer Barrett ("Barrett") obtained two purchase money loans from American Partners Bank

---

[1] Originally, the Plaintiff sued American Partners Bank and John Does 1-10. Because the Plaintiff has not named Does 1-10, the Court will consider this Motion on behalf of American Partners alone.

("American Partners"). She obtained these loans to pay for a house located at 3658 Joy Lane, Waldorf, Maryland. Barrett obtained a first deed of trust against property she owned in Fort Washington, Maryland to secure the first loan of $225,000 ("Prince George's County loan"). She also obtained a first deed of trust against the Waldorf home to secure the second loan of $666,000 ("Charles County loan"). Both prior to and at settlement, American Partners failed to provide many of the disclosures required by TILA, RESPA, and various other statutes. Included among the documents required by law, but not provided by American Partners, were the "Notice to Cancel" required by 15 U.S.C. § 1635(a) and the "Pre-Closing Disclosures" required by 15 U.S.C. § 1638(b)(1). Barrett sold the Prince George's County property on November 29, 2006.

Barrett has never made any payments toward the loan secured by her Prince George's County property. That loan included a "balloon payment rider" making all interest and principal due on August 1, 2007. The terms of the loan included a provision requiring full payment if Barrett sold the Prince George's County property prior to August 1, 2007. Barrett has made payments totaling $40,421.20 towards the interest on the Charles County loan, and payments totaling $1.03 toward that loan's principal. In August, 2007, she ceased making loan payments to American Partners, and sent notices of rescission for both loans. American Partners refused to honor either rescission, and did not return the fees which were collected in connection with the loans.

Barrett initiated this suit against American Partners on October 16, 2007 in the United States District Court for the Eastern District of Virginia. On motion of the Defendant, the case was transferred to this Court on February 1, 2008. The Defendant filed its counter-claim against the Plaintiff on June 26, 2008, and filed the instant Motion for Summary Judgment on September 30, 2008.

## II.     Standard of Review

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the nonmoving party is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998). Additionally, neither hearsay nor conclusory statements with no evidentiary basis may support or defeat a motion for summary judgment. *See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

## III.    Analysis

The Defendant's Motion for Summary Judgment requires this Court to consider both the Plaintiff's complaint and the Defendant's counter-claim. Because the resolution of the Plaintiff's Complaint in large measure determines the outcome of the Defendant's Counter-claim, the Court will examine the Motion for Summary Judgment with respect to the Complaint first.

### A.     Barrett's Complaint

The subject matter of Barrett's complaint can be organized into three categories: first, TILA claims; second, RESPA claims; third, other claims. For the sake of organization, this Court will examine each category of claims separately.

### 1.     TILA Claims

In its Motion for Summary Judgment, the Defendant asserts that Plaintiff's TILA claims are time barred, and that no right of rescission existed as to either loan when the Plaintiff attempted to rescind. The Plaintiff claimed that American Partners failed to make disclosures required by TILA. These disclosures fall into two categories: first, disclosures relating to the right of rescission; second, disclosures other than those relating to the right to rescind. A plaintiff's causes of action, though they arise from the same loan transaction, may be subject to different limitation periods. Typically, suits claiming violations of TILA must be brought within one year of the statutory violation. *See* Truth In Lending Act, 15 U.S.C. § 1640(e) (2006). Claims involving the right to rescind, however, are subject to a different temporal limit.

In *Tucker v. Beneficial Mortgage Co.*, 437 F. Supp. 2d 584, (E.D. VA. 2006), the Eastern District of Virginia considered a motion for summary judgment by a mortgage company against plaintiffs similarly situated to Barrett. *Tucker's* application to the case at bar lies in the separation of claims for rescission and damages. There, the plaintiffs' loan closed in September, 2002, but they did not file their action until October, 2005. When they did file, the plaintiffs sought both rescission and statutory damages. In 2003, the plaintiffs joined a class action settlement of claims against the defendant, and signed a general release. Considering the two issues of rescission and damages separately, the court held that, as a result of the general release, the plaintiffs could no longer seek rescission. Aside from this ruling, the court held that, because the one year statute of limitations

4

imposed by 15 U.S.C. § 1640(e) had passed, the plaintiffs' claims for statutory damages were barred.

In *Tucker*, the limitation of § 1640(e) was not imposed on the claim for rescission, and the limitation created by the release was not imposed on the claim for damages. Similarly, in the case at bar, this Court will consider the claim for statutory damages in isolation from the claim for rescission. As such, the one year statute of limitation imposed by § 1640(e) applies to those claims for damages based on violations of the statute. Barrett's claim for rescission and damages stemming from American Partners' failure to recognize that rescission fall under the limitations set forth in § 1635. Although it is subject to extensions and exceptions, the heart of the right to rescind under TILA is set out in 1635(a) which reads,

> "except as otherwise provided in this section, in the case of any consumer credit transaction... in which a security interest... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consumer transaction." 15 U.S.C. 1635(a).

With respect to Barrett's TILA claims, the Court will begin its analysis of American Partners Motion for Summary Judgment by discussing those claims which relate to statutory damages first, and those claims which relate to the right to rescind second.

      **a.**      **Statutory Damages**

Attacking Barrett's claims separately, the Defendant asserts that those claims made under TILA, but extraneous to the right to rescind are time barred. Specifically, Barrett's claims that American Partners failed to provide disclosures three days prior to settlement, failed to provide disclosures on a separate piece of paper accompanied by an Office of Management and Budget ("OMB") number, and failed to provide general disclosures at the time of settlement are all

5

extraneous to her claim regarding rescission. Counts II, VII, IX, and X encompass these claims for statutory damages based on American Partners' failure to disclose. Each of these claims is time barred because Barrett failed to bring these claims within the one year statute of limitation prescribed by section 1640(e).

Aside from the claim regarding disclosures due prior to closing, each of the alleged failures to disclose occurred August 1, 2006: the date of settlement. Logically, the claim regarding American Partners' failure to disclose prior to settlement occurred before August 1, 2006. Therefore, in order to be timely, Barrett would have had to have filed these claims on or before August 1, 2007. Since Barrett did not file her claims until October 16, 2007, they are barred by the statute of limitations set forth in 15 U.S.C. § 1640(e). Therefore, the Court will grant the Defendant's Motion for Summary Judgment as to Counts II, VII, IX, and X.

### b.   Rescission

The central issue in this case is that of rescission. American Partners assert that Barrett had no right to rescind her claims when she sought to do so in August, 2007. Count I of the Complaint alleges that American Partners violated Barrett's right to rescind both loans, and to receive disclosures related to that right. As previously stated, 15 U.S.C. § 1635 provides rescission in consumer credit transactions "in which a security interest... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a). Provided the lender gives the customer a right to rescind disclosure, this right expires at "midnight of the third business day following the transaction." *Id.*  TILA extends this three day limitation to three years in cases where the creditor fails to provide a disclosure concerning the right to rescind. *See* 15 U.S.C. § 1635(f) (stating that "an obligor's right of rescission shall expire

6

three years after the date of consummation of the transaction *or upon the sale of the property*." (emphasis added)). Thus, a right to rescind may extend up to three years provided the consumer does not sell the property which serves to secure the mortgage. For two distinct reasons, Barrett may not rescind either loan.

Certain transactions are exempt from the provisions of section 1635. In relevant part the statute states, "this section does not apply to – (1) a residential mortgage transaction as defined in section 1602(w) of this title." 15 U.S.C. § 1635(e). Section 1602(w) defines a residential mortgage transaction as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w).

The case at bar creates a conflict of terms within TILA. Section 1635(a) grants a right of rescission and requires that notice of that right be given when a security interest "is or will be retained or acquired *in any property which is used as the principal dwelling of the person to whom credit is extended*." 15 U.S.C. 1635(a) (emphasis added). Section 1635(e)(1), on the other hand, exempts "residential mortgage transactions." 15 U.S.C. 1635(e)(1). In the case at bar, Barrett took out two loans to purchase the Charles County property: one against her home in Prince George's County, and the other against the property she purchased in Charles County. At least one of these loans appears to create a conflict of terms within TILA as it would be both a security interest against a principal dwelling of the person to whom credit is extended, and a residential mortgage transaction. By operation of the first clause of 15 U.S.C. § 1635(a), section 1635(e)(1) takes precedence because the opening clause, "except as *otherwise provided* in this section," subjects the

general provisions of § 1635(a) to those limitations which follow, including those specific exceptions found in section 1635 (e). 15 U.S.C. § 1635(a) (emphasis added).

Furthermore, the definition of "residential mortgage transaction" found in section 1602(w) clarifies any confusion. It defines a "residential mortgage transaction" as one in which a security interest is "created or retained against the consumer's dwelling to finance the acquisition or initial construction of *such* dwelling." 15 U.S.C. § 1602(w) (emphasis added). This definition clearly establishes that when a mortgagor creates a security interest in a particular dwelling in order to obtain that dwelling, the transaction is exempted from the rescission requirements of section 1635. The Charles County loan, for $666,000, clearly falls into the category of transactions excepted by section 1635(e)(1). It was obtained against Barrett's dwelling for the purpose of obtaining such dwelling. Therefore, no right of rescission attached to this loan, and this Court cannot grant Barrett the rescission she desires. Accordingly, the Court will grant Defendant's Motion for Summary Judgment as to Count I with respect to the Charles County loan.

The Prince George's County loan creates a different question. The Plaintiff's home in Prince George's County served to secure this loan, and so the transaction may not fit into the exception stated in section 1635(e)(1). Although this loan may not meet the definition of "residential mortgage transaction" as defined by section 1602(w), the Plaintiff is still barred from rescinding the loan by operation of section 1635(f). The Court will deal with the questions of exception under section 1635(e)(1) and operational bar under section 1635(f) separately.

Several cases suggest that, in determining whether a loan meets the requirements of § 1602(w), a court's focus should not be the property which serves as the security interest, but, rather, the property for which the loans are drawn. For example, in *Perkins v. Central Mortgage Co.*, 422

8

F. Supp. 2d 487 (E.D. Pa. 2006), the Eastern District of Pennsylvania considered a claim for statutory damages and rescission based on the defendant mortgage company's failure to provide disclosures regarding the plaintiffs' right to rescind. In *Perkins*, the central question was whether or not the particular transaction fell into the category of "residential mortgage." There, the plaintiffs took out a loan in November 2000 in order to cover the cost of purchasing land and constructing a house. When their contractor walked off the job, the plaintiffs obtained a second loan from a separate creditor for the purpose of paying off the first loan and completing the construction. The plaintiffs argued that, because they had used part of the loan to do something other than construct their home, the transaction could not be termed a "residential mortgage." In *Perkins*, the court held that "as long as any part of the loan proceeds is used for the construction, the loan qualifies as a residential mortgage transaction." *Perkins v. Central Mortgage Co.*, 422 F. Supp. 2d 487, 490 (E.D. Pa. 2006).

Likewise, in *Heuer v. Forest Hill State Bank*, 728 F. Supp. 2d 1199 (D. Md. 1989), this District focused on the purpose of the loan. There, without discussing the property which served as the security, the court held that the loan constituted a "residential mortgage transaction" because its purpose was "undeniably to finance the acquisition of a mobile home." *Heuer v. Forest Hill State Bank*, 728 F. Supp. 2d 1199, 1200 (D. Md. 1989).

American Partners suggests that the Court ought to look at the purpose of Barrett's loan in isolation. Under this limited perspective, the Prince George's County loan would seem to qualify as a "residential mortgage transaction," and would be excepted by section 1635(e)(1). Because of the language of section 1635(a) and section 1602(w), however, this Court is not convinced that Congress intended courts to examine the purpose of the loan in isolation. In fact, section 1635(a)

9

only mentions the property serving as the security interest, and not that which is the purpose of the loan. Section 1602(w), which defines the term "residential mortgage transaction" mentioned in the exceptions to § 1635, discusses both the property "in which" a security interest is created and the property "for which" a security interest is created. Given the careful construction of TILA, and the lack of case law directly supporting the contention that any transaction which has, as its focus, a residence, this Court concludes that the Prince George's County loan is not excepted by § 1635(e)(1).

Even though the Prince George's County loan is not excepted, Barrett's ability to rescind this transaction is cut off by operation of 15 U.S.C. § 1635(f) because Barrett sold the Prince George's County property in November 2006, and she did not inform American Partners of her decision to rescind until August 2007. Under section 1635(f), the three day limitation on rescission expires "three years after the date of consummation of the transaction *or upon the sale of the property*, whichever comes first." 15 U.S.C. § 1635(f) (emphasis added).

Although the reasoning applied to each loan is different, the Plaintiff had no right to rescind either of her loans. The Charles County loan cannot be rescinded because it is a residential mortgage transaction excepted from the provisions of section 1635 by section 1635(e)(1); and, by operation of section 1635(f), the Prince George's County loan cannot be rescinded because Barrett sold the property. Therefore, this Court will grant the Defendant's Motion for Summary Judgment with respect to Count I.

### 2. RESPA Claims

American Partners asserts that Barrett's claims under RESPA are either time barred, insufficiently pled, or not actionable. At the onset, it is important to consider the two remedies that

10

Barrett seeks: first, she seeks the right to rescind her loan agreements; second, she seeks statutory damages. RESPA does not provide for rescission. *See* Real Estate Settlement Procedures Act, 12 U.S.C. § 2615 (2006) (stating "nothing in this chapter shall affect the validity or enforceability of any sale or contract for the sale of real property or any loan, loan agreement, mortgage, or lien made or arising in connection with a federally related mortgage loan."). Thus, all that is left for this Court to decide is whether or not Barrett is entitled to statutory damages.

In Counts IV, V, and VI the Plaintiff alleges that the Defendant violated 12 U.S.C. § 2604 by failing to provide her with a good faith estimate, by failing to provide her with a separate sheet for each charge summarized on the good faith estimate, by failing to provide her with a HUD booklet, and by failing to provide her with adequately marked disclosures. The Defendant argues that, while section 2604 requires lenders to provide these items to obligors, the statute does not provide a private right of action. In *Collins v. FMHA – USDA*, 105 F. 3d 1366 (11th Cir. 1997), the Eleventh Circuit considered this issue and found that Congress' amendment of the section and the wording of other provisions in the title demonstrated that no private right of action exists under section 2604. *See Collins v. FMHA – USDA*, 105 F.3d 1366, 1367 (11th Cir. 1997). Examining the legislative history of the statute, the court found that a prior version had contained an explicit private right of action, but when the law was amended in 1976, Congress left that private right out. *Collins*, 105 F.3d at 1368. Furthermore, the court noted that many other sections in RESPA explicitly provide private rights of action while section 2604 does not. For these reasons, the Eleventh Circuit found that section 2604 contains no private right of action. While this case is not binding precedent, this Court adopts its reasoning and finds that Barrett has no private right of action under 12 U.S.C. § 2604. Therefore, the Court will grant Defendant's Motion for Summary Judgment as to Counts


IV, V, and VI .

Count XIV of the Complaint alleges that the Defendant participated in unfair and deceptive trade practices. Categorizing this claim under 12 U.S.C. § 2604, the Defendant argues that it is time barred. Barrett specifically alleges that the Defendant violated RESPA by paying a yield spread premium to the broker who sold Barrett the loan.[2] Barrett does not specify which section of the Act the Defendant violated but, instead, makes a general claim under RESPA. Because the yield spread premium might be a payment for something other than services rendered, it appears that Plaintiff's claim most closely adheres to 12 U.S.C. § 2607(a), which prohibits kickbacks and unearned fees. The payment of a yield spread premium may violate section 2607(a) when it is unrelated to the services provided by the broker. *See Heimmerman v. First Union Mortg. Corp.*, 305 F.3d 1257 (11th Cir. 2002).

Unlike section 2604, section 2607 does include a private right of action. This right is, however, limited by section 2614, which states that any action under section 2607 must be brought within one year of violation. Since the violation occurred at the date of settlement, August 1, 2006, and because the Plaintiff did not file this action until October 16, 2007, this Count is time barred. Accordingly, the Court will grant the Defendant's Motion for Summary Judgment as to Count XIV.

Barrett is not entitled to damages under RESPA either because no private right of action exists, or because her claims are time barred. Therefore, the Court will grant the Defendant's Motion for Summary Judgment with respect to the Plaintiff's RESPA claims.

### 3. Other Claims

---

[2] The yield spread premium is payment made by a lending institution to a mortgage broker. The YSP typically represents a percentage of the total amount of the loan. The lending institution calculates this percentage by comparing the lowest possible rate, also known as the "par rate," against the loan rate actually sold to the customer by the broker. *See Culpepper v. Inland Mortgage Corp.*, 132 F.3d 692, 694 (11th Cir. 1998).

The Defendant asserts that all of Barrett's remaining claims fall under inapplicable statutes. Aside from her TILA and RESPA claims, the Plaintiff asserts five other causes of action in her complaint: a violation in obtaining and performing appraisals; a violation of the Paperwork Reduction Act of 1995; a violation of Article Nine of the Uniform Commercial Code; a failure to disclose the yield spread premium; and a violation of the Equal Credit Opportunity Act ("ECOA").

Count III of the Complaint alleges that the Defendant failed to give the Plaintiff copies of the appraisal included in the loan documents. The Plaintiff claims that this is a violation of 12 U.S.C. §§ 3342(1) or (2) and 3349(a)(1) and (2). Section 3342 provides a method for determining whether an appraisal must be performed by a State certified appraiser. It does not appear that this section provides a private right of action. Section 3349 of that same title, under which the Plaintiff also states a claim, requires that any claim of violation must go before an administrative body. As such, this Court does not believe that the Plaintiff is entitled to bring an action under this title before she exhausts her administrative remedies. Therefore, the Court will grant Defendant's Motion for Summary Judgment as to Count III.

Count VIII of the Complaint alleges that the Defendant failed to include an OMB number on certain documents related to the transaction. The Court has examined this claim thoroughly, and has found no such requirement under either TILA or RESPA. It has found that focus of the Paperwork Reduction Act of 1995 is government agencies involved in information collection. The Court can find no provision of that Act which would obligate the Defendant to include such a number. Therefore, the Court will grant Defendant's Motion for Summary Judgment as to Count VIII.

Count XI of the Complaint alleges that the Defendant violated Article Nine of the Uniform

13

Commercial Code. The Plaintiff points to language which the Court cannot find within the confines of Article Nine. This language, however, seems connected to the obligations of creditors during the assignment of liens. The Defendant has not assigned Plaintiff's liens. Therefore, the Court will grant Defendant's Motion for Summary Judgment as to Count XI.

Count XII alleges misconduct relating to the payment and disclosure of the yield spread premium. The Plaintiff does not claim any violation of the law, but simply complains that the yield spread premium paid to the broker was not disclosed to her. Inasmuch as this claim is covered by a similar claim under RESPA, Count XIV, the Court will grant Defendant's Motion for Summary Judgment as to Count XII.

Count XIII alleges that the Defendant violated ECOA by failing to provide clear and conspicuous disclosures. The purpose of ECOA is to protect consumers from discriminatory practices. *See* 15 U.S.C. § 1691(a). ECOA does not discuss the form and disclosure of loan documents. Furthermore, the Plaintiff has not alleged that American Parners' failure to make certain disclosures clear and conspicuous was discriminatory based. Therefore, the Court will grant Defendant's Motion for Summary Judgment as to Count XIII.

Barrett's remaining claims either are not cognizable or are not sufficiently pled. For these reasons, the Court will grant Defendant's Motion for Summary Judgment with respect to those claims which fall outside of TILA and RESPA.

**II. American Partners' Counter-Claim**

Having discussed Barrett's claims, American Partners' Motion next turns the Court's attention to its Counter-claims for damages resulting from breach of contract. Central to this claim is the issue of rescission. If Barrett could rescind her loans, and if she did so prior to breaching the

contract, then she could be in breach. As the above analysis concluded, however, Barrett did not have the right to rescind either loan.

Barrett ceased making payments on the Charles County loan in August, 2007, without having paid off the loan. Because the terms of this note required her to continue to make payments, and because she could not rescind the contract, this Court finds that Barrett has breached her contract with American Partners with respect to the Charles County loan.

Likewise, Barrett has failed to pay back the entire Prince George's County loan. This loan, structured differently than the Charles County loan, required Barrett to repay immediately upon the sale of the Prince George's County property which served as its security. Barrett sold the property on November 29, 2006, but failed to repay the loan on that date. Therefore, this Court finds that Barrett has breached her contract with American Partners with respect to the Prince George's County loan.

The Court will grant Defendant's motion for Summary Judgment with respect to its Counter-claims for breach of contract because Barrett has failed to make payments toward her two loans as required by the contracts. While it is true that the Plaintiff believed that she was entitled to rescission, that belief, alone, does not negate her failure to uphold her end of the bargain. Because Barrett has breached her obligations under the terms of both the Prince George's County and Charles County loans, the Court will enter a judgment for liquidated damages in favor of American Partners. With respect to the Price George's County loan, the judgment will reflect the principal, $225,000, plus interest. With respect to the Charles County Loan, the judgment will reflect the principal, $666,000, plus interest, less the amounts paid against the interest and the principal. This Court will also award American Partners reasonable attorney's fees with respect to this litigation. The total

amount of this judgment will be determined by an updated affidavit to be filed by American Partners within fourteen (14) days of the entry of this order. Along with an accurate computation of attorney's fees, this affidavit shall detail and outline the principal and interest due under the terms of the respective loans.

      A separate Order will follow.

| July 28, 2009 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |